UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CRUZE TUCKER AND AMBER TUCKER, individually and on behalf of T.E.T. and A.T., minors, ) ) ) ) Plaintiffs, ) ) v. ) ) TENNESSEE VALLEY AUTHORITY, ) ) Defendant. ) | No. 3:20-CV-00098-JRG-HBG |

## **ORDER**

This matter is before the Court on a sua sponte review of the record. On June 16, 2020, the Court ordered Plaintiffs to show good cause for their failure to execute service of process within Federal Rule of Civil Procedure 4(m)'s ninety-day deadline. [Show-Cause Order, Doc. 11]. In response, Plaintiffs' attorney cited "inadvertent confusion" for his failure to meet Rule 4(m)'s deadline and appeared to fault his assistant, stating that he "did not make it clear to his assistant the importance of the timing of the necessitated filing deadline." [Pls.' Resp., Doc. 18, at 1, 2]. The Court noted that the type of showing of cause that Plaintiffs' attorney cited in his response, specifically, a reliance on "simple inadvertence or mistake of counsel," is insufficient under Rule 4(m). [Order, Doc. 20, at 2 (quoting *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992))].

Even so, the Court, in its discretion, granted Plaintiffs a permissive extension of time in which to effect proper service. [*Id.*]; *see Stewart v. Tenn. Valley Auth.*, No. 99-5723, 2000 WL 1785749, at *1 (6th Cir. Nov. 21, 2000) (stating that courts have "discretion to permit late service even absent a showing of good cause" (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996))); *see Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995) ("[A] plaintiff who

has failed to show 'good cause' for a mandatory extension of time may still be granted a permissi[ve] extension of time within the district court's discretion."); *see also* Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment ("The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed [90] days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.").

In doing so, the Court ordered Plaintiffs' attorney, within thirty days of June 30, 2020, to serve the TVA in accordance with Federal Rule of Civil Procedure 4(i)(2) and file the requisite proof of service in the record in accordance with Federal Rule of Civil Procedure 4(*l*). [Order at 2]. The Court warned Plaintiffs' attorney that his failure to timely serve the TVA would result in the dismissal of this case without further notice. [*Id.*]. To date, however, the record still contains no proof of service. This action is therefore **DISMISSED without prejudice**. Fed. R. Civ. P. 4(m). All outstanding motions are **DENIED as moot**.[1] The Clerk of Court is **DIRECTED** to close this case.

So ordered.

ENTER:

                                                               s/J. RONNIE GREER
                                      UNITED STATES DISTRICT JUDGE

---

[1] Although the TVA has filed a motion to dismiss, [Def.'s Mot. Dismiss, Doc. 14], which may in some instances constitute a voluntary appearance sufficient to waive an objection to service of process, the TVA challenges the sufficiency of service in its motion, [*id.* at 1], and it therefore has not consented to the Court's personal jurisdiction, Fed. R. Civ. P. 12(b)(h); *Gerber v. Riordan*, 649 F.3d 514, 520 (6th Cir. 2011).